**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:12-cv-114-RLV**
**(5:05-cr-9-RLV-DCK-12)**

| | | |
|---|---|---|
| **ANTHONY TODD HALLMAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

     **THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on a Motion to Withdraw as Attorney by Leah Kane of the Federal Defenders Office, (Doc. No. 3). Petitioner moves this Court to vacate his conviction on the basis of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Because Petitioner's motion is untimely, the Court will dismiss the motion to vacate.

     **I.    BACKGROUND**

     On October 12, 2005, Petitioner pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute a quantity of cocaine and cocaine base, and possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 846. (Crim. No. 5:05-cr-9, Doc. No. 347: Plea Agreement). On July 10, 2006, Petitioner was sentenced to 292 months' imprisonment, which was subsequently reduced to 240 months' imprisonment. (Id., Doc. No. 591: Judgment; Doc. No. 1310: Order Granting Motion to Reduce Sentence re Crack Cocaine Offense). Petitioner received a sentencing enhancement under 21 U.S.C. § 851 based on prior state court convictions.

Petitioner did not appeal. On August 7, 2012, Petitioner placed the instant motion to vacate in the prison mail system, and the motion was stamp-filed in this Court on August 10, 2012. In the motion, Petitioner argues that none of his prior convictions qualified as felony offenses for purposes of the Section 851 sentencing enhancement. Pursuant to Standing Order by this Court, the Federal Defenders Office was assigned counsel for the purpose of determining whether Petitioner is entitled to <u>Simmons</u> relief. On February 22, 2013, after conducting an initial <u>Simmons</u> review, the Federal Defenders Office filed a motion to withdraw as counsel.

## II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without a response from the Government and without an evidentiary hearing based on the record and governing case law. See <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III.     DISCUSSION

Paragraph 6 of 28 U.S.C. § 2255, which applies to initial motions to vacate, provides generally for a one-year statute of limitations from the date on which a petitioner's judgment becomes final. 28 U.S.C. § 2255(f)(1). Here, Petitioner's judgment became final when his time for filing an appeal expired, or ten days after his guilty plea on October 12, 2005. Since Petitioner did not file his Section 2255 motion to vacate until August 7, 2012, his motion is therefore subject to dismissal as untimely under Section 2255(f)(1), and none of the other time periods set forth under Section 2255(f) applies. Finally, even if the Court were to apply

equitable tolling to Petitioner, he would still not be entitled to <u>Simmons</u> relief because he received a sentence that was within the statutory maximum sentence allowed.  <u>See</u> <u>United States v. Powell</u>, 691 F.3d 554, 562 n.1 (4th Cir. 2012).

### IV.    CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's Section 2255 petition as untimely.

**IT IS, THEREFORE, ORDERED** that:

1.    Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED** as untimely.

2.    The Motion to Withdraw as Counsel, (Doc. No. 3), is **GRANTED**.

3.    **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 27, 2013

Richard L. Voorhees
United States District Judge